# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 16-CR-524 (FAB) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CHANGE OF PLEA HEARING |
| | ) | |
| [1] JOSUE MARRERO-PEREZ, | ) | |
| Defendant. | ) | |

TRANSCRIPT OF CHANGE OF PLEA HEARING
HELD BEFORE THE HONORABLE JUDGE FRANCISCO A. BESOSA
SAN JUAN, PUERTO RICO
Monday, November 28, 2016

APPEARANCES:

For the United States:
           MAX J. PEREZ-BOURET, AUSA
           United States Attorney's Office
           Torre Chardón, Suite 1201
           350 Carlos Chardón Street
           San Juan, PR 00918

For the Defendant:
           VICTOR J. GONZALEZ-BOTHWELL, AFPD
           Federal Public Defender's Office
           Patio Gallery Building
           241 Franklin D. Roosevelt Ave.
           Hato Rey, PR 00918-2441

Produced by mechanical stenography; computer-aided
transcription

1          (PROCEEDINGS COMMENCED AT 9:40 A.M.)

2

3          THE CLERK:  Criminal Case No. 16-524, United States

4    of America versus Josue Marrero-Perez for Change of Plea

5    Hearing.

6          On behalf of the Government, Assistant United

7    States Attorney Max J. Perez-Bouret.

8          On behalf of the Defendant, Assistant Federal

9    Public Defender Victor J. Gonzalez-Bothwell.

10         Defendant is present.

11         MR. GONZALEZ-BOTHWELL:  Your Honor, Defendant will

12   not be needing the services of the interpreter.

13         MR. PEREZ-BOURET:  Good morning, Your Honor.  AUSA

14   Max Perez-Bouret, for the record, and the Government is ready

15   to proceed.

16         MR. GONZALEZ-BOTHWELL:  Defense is ready,

17   Your Honor.

18         THE COURT:  Please put Mr. Marrero under oath.

19         THE CLERK:  Yes, Your Honor.

20

21              **JOSUE MARRERO-PEREZ,**

22              after having been first duly

23         sworn or affirmed upon oath, was examined

24              and testified as follows:

25

1          THE COURT:  This is a straight plea, Mr. Gonzalez?

2          MR. GONZALEZ-BOTHWELL:  That is correct,

3  Your Honor.

4          THE COURT:  To both counts?

5          MR. GONZALEZ-BOTHWELL:  Yes, Your Honor.

6          THE COURT:  Okay.

7          Mr. Marrero, before I accept your petition to enter

8  a plea of guilty, I have to determine that you are competent

9  to make the plea and that your petition is completely

10  voluntary.

11         Do you understand that?

12         DEFENDANT MARRERO-PEREZ:  Yes, Your Honor.

13         THE COURT:  Do you understand that you are now

14  under oath?

15         DEFENDANT MARRERO-PEREZ:  Yes, Your Honor.

16         THE COURT:  If you answer any of my questions

17  falsely, your answers may later be used against you in a

18  prosecution for perjury or for making a false statement.

19         Do you understand that?

20         DEFENDANT MARRERO-PEREZ:  Yes, Your Honor.

21         THE COURT:  Mr. Marrero, would you please state

22  your full name.

23         DEFENDANT MARRERO-PEREZ:  My name is Josue

24  Marrero-Perez.

25         THE COURT:  How old are you?

1          DEFENDANT MARRERO-PEREZ:  I am 32 years old.

2          THE COURT:  How far did you go in school?

3          DEFENDANT MARRERO-PEREZ:  Ninth grade.

4          THE COURT:  Have you been treated recently for any

5     type of mental illness?

6          DEFENDANT MARRERO-PEREZ:  No, Your Honor.

7          THE COURT:  Have you been treated recently for

8     addiction to any type of narcotic drug?

9          DEFENDANT MARRERO-PEREZ:  I did a program inside

10    the prison.

11         THE COURT:  When was that?

12         DEFENDANT MARRERO-PEREZ:  I finished it like three

13    weeks ago.

14         THE COURT:  And it was for the use of what drug?

15         DEFENDANT MARRERO-PEREZ:  Marijuana.

16         THE COURT:  Okay.  Did you complete the program?

17         DEFENDANT MARRERO-PEREZ:  Yes, I did, sir.

18         THE COURT:  Are you feeling okay today?

19         DEFENDANT MARRERO-PEREZ:  Yes.

20         THE COURT:  Do you think you can make a knowing and

21    voluntary plea without any problem?

22         DEFENDANT MARRERO-PEREZ:  Yes.

23         THE COURT:  So you did this program here while you

24    were incarcerated for this case?

25         DEFENDANT MARRERO-PEREZ:  Yes, Your Honor.

1    THE COURT:  Are you currently under the influence

2  of marijuana or any other narcotic drug?

3    DEFENDANT MARRERO-PEREZ:  No, Your Honor.

4    THE COURT:  Are you taking any type of medication?

5    DEFENDANT MARRERO-PEREZ:  No, Your Honor.

6    THE COURT:  Are you currently under the influence

7  or have you drunk any alcoholic beverage within the last

8  24 hours?

9    DEFENDANT MARRERO-PEREZ:  No, Your Honor.

10    THE COURT:  Mr. Marrero, what is it that you want

11  to do this morning here in Court?

12    DEFENDANT MARRERO-PEREZ:  Plead guilty, Your Honor.

13    THE COURT:  Mr. Gonzalez, do you have any doubts as

14  to Mr. Marrero's competence to plead?

15    MR. GONZALEZ-BOTHWELL:  None, Your Honor.

16    THE COURT:  Mr. Perez, do you have any doubts?

17    MR. PEREZ-BOURET:  None, Your Honor.

18    THE COURT:  Based on his answers to my questions

19  and his appropriator demeanor, I find Defendant Josue

20  Marrero-Perez to be competent to enter his plea of guilty.

21    Mr. Marrero, did you receive a copy of the

22  indictment that's pending against you?

23    DEFENDANT MARRERO-PEREZ:  Yes, Your Honor.

24    THE COURT:  Did you discuss the charges in the

25  indictment with your attorney, with Mr. Gonzalez?

1          DEFENDANT MARRERO-PEREZ:  Yes, Your Honor.

2          THE COURT:  Did you discuss your decision to plead

3    guilty with Mr. Gonzalez?

4          DEFENDANT MARRERO-PEREZ:  Yes, Your Honor.

5          THE COURT:  Are you fully satisfied with the

6    counsel, representation and advice given to you by

7    Mr. Gonzalez?

8          DEFENDANT MARRERO-PEREZ:  Yes, Your Honor.

9          THE COURT:  Mr. Marrero, when you were arrested for

10   this case and you were brought to this court, you went before

11   another judge, and at that time you pled not guilty to the

12   charges.

13         Do you remember that?

14         DEFENDANT MARRERO-PEREZ:  Yes, Your Honor.

15         THE COURT:  Do you understand that you have a right

16   to maintain a plea of not guilty if you wanted to?

17         DEFENDANT MARRERO-PEREZ:  Yes, Your Honor.

18         THE COURT:  Do you understand that if you were to

19   maintain a plea of not guilty, you would then have the right

20   to a trial by jury?

21         DEFENDANT MARRERO-PEREZ:  Yes, Your Honor.

22         THE COURT:  Do you understand that at the trial you

23   would be presumed to be innocent?

24         DEFENDANT MARRERO-PEREZ:  Yes, Your Honor.

25         THE COURT:  Do you understand that it's the

1    Government that has to prove that you are guilty with

2    competent evidence and beyond a reasonable doubt?

3          Do you understand that?

4          DEFENDANT MARRERO-PEREZ:  Yes, Your Honor.

5          THE COURT:  Do you understand that at the trial

6    your attorney, Mr. Gonzalez, would be with you at all times

7    to help you with your defense?

8          Do you understand that?

9          DEFENDANT MARRERO-PEREZ:  Yes, Your Honor.

10         THE COURT:  And that you would the right to see

11   every witness that would come to the trial to testify and

12   listen to every witness' testimony.

13         Do you understand that?

14         DEFENDANT MARRERO-PEREZ:  Yes, Your Honor.

15         THE COURT:  And that you also would have the right

16   to have those witnesses cross-examined as part of the your

17   defense.

18         Do you understand that?

19         DEFENDANT MARRERO-PEREZ:  Yes, Your Honor.

20         THE COURT:  And that you also would have the right

21   not to testify at the trial, or even present any evidence,

22   unless you voluntarily would want to do so as part of your

23   defense.

24         Do you understand that?

25         DEFENDANT MARRERO-PEREZ:  Yes, Your Honor.

1    THE COURT:  And that you also would the right to

2  have witnesses come to the trial to testify on your behalf as

3  part of your defense, if necessary, by Court order.

4    Do you understand that?

5    DEFENDANT MARRERO-PEREZ:  Yes, Your Honor.

6    THE COURT:  Do you understand that if you were to

7  decide not to testify at the trial, or even present any

8  evidence, that cannot be used against you?

9    DEFENDANT MARRERO-PEREZ:  Yes, Your Honor.

10    THE COURT:  Do you understand that by entering a

11  plea of guilty, if I accept your plea, there will not be a

12  trial?

13    DEFENDANT MARRERO-PEREZ:  Yes, Your Honor.

14    THE COURT:  Do you understand that you will have

15  waived or given up your right to a trial, as well as those

16  other rights that are associated with the trial that I just

17  mentioned to you?

18    DEFENDANT MARRERO-PEREZ:  Yes, Your Honor.

19    THE COURT:  Do you understand that by entering a

20  plea of guilty, you also waive or give up your right not to

21  incriminate yourself?

22    DEFENDANT MARRERO-PEREZ:  Yes, Your Honor.

23    THE COURT:  And the reason for that waiver is that

24  I have to ask you questions about what you did in order for

25  me to be satisfied that you are guilty.

1        Do you understand that?

2        DEFENDANT MARRERO-PEREZ:  Yes, Your Honor.

3        THE COURT:  Do you understand that you will have to

4   acknowledge your guilt?

5        DEFENDANT MARRERO-PEREZ:  Yes, Your Honor.

6        THE COURT:  Do you understand that the offenses to

7   which you are pleading guilty, Counts One and Two of the

8   indictment, are felony offenses?

9        DEFENDANT MARRERO-PEREZ:  Yes, Your Honor.

10        THE COURT:  Do you understand that if I accept your

11   plea, you will be adjudged guilty of those felony offenses?

12        DEFENDANT MARRERO-PEREZ:  Yes, Your Honor.

13        THE COURT:  Do you understand that that

14   adjudication of guilt may deprive you of some rights?

15        For example, you won't able to hold public office;

16   you won't be able to serve on a jury; you won't be able to

17   possess any kind of firearm; and if you move somewhere in the

18   United States out of Puerto Rico, you may even lose your

19   right to vote.

20        Do you understand that?

21        DEFENDANT MARRERO-PEREZ:  Yes, Your Honor.

22        THE COURT:  Now, you are charged in two counts in

23   the indictment.  Count One charges you for being a prohibited

24   person in possession of a firearm, a convicted felon in

25   possession of a firearm in that you knowingly and unlawfully

1    possessed, in and affecting interstate commerce, a Glock

2    pistol, Model 27, .40 caliber, serial number PTL803, loaded

3    with nine rounds of ammunition, and another Glock magazine

4    with nine rounds of .40 caliber ammunition; and a Smith &

5    Wesson pistol, Model SW9VE, 9mm caliber, serial number

6    DVS4738, loaded with 16 rounds of 9mm caliber ammunition, and

7    an extra magazine with 15 rounds of 9mm caliber ammunition,

8    the firearms having been shipped and transported in

9    interstate or foreign commerce.

10            As to Count One of the indictment, Mr. Marrero, is

11   that what you did?

12            DEFENDANT MARRERO-PEREZ:  Yes, Your Honor.

13            THE COURT:  Is that what you are pleading guilty

14   to?

15            DEFENDANT MARRERO-PEREZ:  Yes, Your Honor.

16            THE COURT:  As to Count Two, you are charged with

17   being a fugitive in possession of a firearm, the same

18   firearms and the same ammunition that I mentioned before, and

19   that you aided and abetted Angel Cruz-Torres in being a

20   fugitive from justice in possession of the firearms and

21   ammunition and the magazines that I mentioned before.

22            As to Count Two, Mr. Marrero, is that what you did?

23            DEFENDANT MARRERO-PEREZ:  Yes, Your Honor.

24            THE COURT:  Is that what you are pleading guilty to

25   as to Count Two?

1          DEFENDANT MARRERO-PEREZ:  Yes, Your Honor.

2          THE COURT:  The maximum and minimum punishment that

3  the law provides for both counts is as follows:

4          A term of imprisonment of not more than ten years,

5  a fine of not more than $250,000, a term of supervised

6  release of not more than three years, and a special monetary

7  assessment of $100 for each count.  So it would be $200.

8          Mr. Gonzalez, did you discuss and explain the terms

9  of supervised release to Mr. Marrero?

10          MR. GONZALEZ-BOTHWELL:  Yes, Your Honor.

11          THE COURT:  Mr. Marrero, on the date that you are

12  sentenced, I will also impose upon you a term of supervised

13  release.

14          During that term, which in your case cannot be more

15  than three years, you will be under the supervision of a

16  probation officer.  Your supervised release term will

17  commence when you are released from prison.  And during the

18  term, you will have to comply with some conditions that I

19  will impose upon you on the date that you are sentenced.

20          If you violate or you don't comply with any of

21  those conditions, the probation officer will tell me, and we

22  will have a hearing here in court.  And depending on what

23  happens at the hearing, I can revoke your term of supervised

24  release and send you back to prison.

25          Do you understand that?

1            DEFENDANT MARRERO-PEREZ:  Yes, Your Honor.

2            THE COURT:  Do you understand all those serious

3 possible consequences of your plea of guilty?

4            DEFENDANT MARRERO-PEREZ:  Yes, Your Honor.

5            THE COURT:  Do you understand that sentencing

6 within the sentencing guidelines is a matter for the Court to

7 decide?

8            DEFENDANT MARRERO-PEREZ:  Yes, Your Honor.

9            THE COURT:  Have you and Mr. Gonzalez talked about

10 how the sentence guidelines might apply to your case?

11            DEFENDANT MARRERO-PEREZ:  Yes, Your Honor.

12            THE COURT:  Do you understand that I won't be able

13 to determine what the guideline sentence for your case will

14 be until after I receive a completed pre-sentence

15 investigation report prepared by the probation officer?

16            DEFENDANT MARRERO-PEREZ:  Yes, Your Honor.

17            THE COURT:  Do you understand that the sentence

18 that I may impose upon you may be different from any estimate

19 that Mr. Gonzalez may have given you now, and it may be

20 different from any recommendation that either Mr. Gonzalez or

21 the Government may give at the date of your sentence?

22            Do you understand that?

23            DEFENDANT MARRERO-PEREZ:  Yes, Your Honor.

24            THE COURT:  Do you understand that the sentence

25 that I may impose upon you may be affected by your criminal

1  history?

2          DEFENDANT MARRERO-PEREZ:  Yes, Your Honor.

3          THE COURT:  Do you understand that even after your

4  sentencing guideline range has been determined, I can in some

5  circumstances depart from those guidelines and impose a

6  sentence upon you that is either more severe or less severe

7  than the sentence called for by the guidelines?

8          DEFENDANT MARRERO-PEREZ:  Yes, Your Honor.

9          THE COURT:  Now, Mr. Gonzalez or Mr. Perez, none of

10  these counts have to be served consecutively.

11          MR. GONZALEZ-BOTHWELL:  No, Your Honor.

12          MR. PEREZ-BOURET:  In fact, the way that the

13  guidelines treat them, they are going to be joined together.

14          THE COURT:  Do you understand that, Mr. Marrero?

15          DEFENDANT MARRERO-PEREZ:  Yes.

16          THE COURT:  These counts are not served

17  consecutively.  They are grouped together for guideline

18  sentencing purposes.

19          Do you understand that?

20          DEFENDANT MARRERO-PEREZ:  Yes, Your Honor.

21          THE COURT:  Do you understand that there is no

22  parole in the Federal system?

23          DEFENDANT MARRERO-PEREZ:  Yes, Your Honor.

24          THE COURT:  If you are sentenced to prison, you

25  will not be released on parole.

1        Do you understand that?

2        DEFENDANT MARRERO-PEREZ:  Yes, Your Honor.

3        THE COURT:  Now, whatever sentencing recommendation

4   is made at the sentencing hearing either by your attorney,

5   Mr. Gonzalez, or by the Prosecution may be rejected by me.

6        Do you understand that?

7        DEFENDANT MARRERO-PEREZ:  Yes, Your Honor.

8        THE COURT:  And that you cannot withdraw your plea

9   of guilty even if I reject the recommendations.

10       Do you understand that?

11       DEFENDANT MARRERO-PEREZ:  Yes, Your Honor.

12       THE COURT:  Mr. Marrero, let me ask you this:  Are

13  you pleading guilty because someone forced you to change your

14  plea?

15       DEFENDANT MARRERO-PEREZ:  No.

16       THE COURT:  Is your plea a completely voluntary

17  plea on your own behalf?

18       DEFENDANT MARRERO-PEREZ:  Yes, Your Honor.

19       THE COURT:  Mr. Perez, has the Government provided

20  full and complete discovery to Mr. Gonzalez?

21       MR. PEREZ-BOURET:  Yes, we have, Your Honor.

22       THE COURT:  Please give a brief explanation of the

23  theory to be presented to prove Mr. Marrero guilty if a trial

24  were to be held.

25       MR. PEREZ-BOURET:  Yes, Your Honor.

1       Sometime early of 2016, PRPD officers from the

2  Bayamón Criminal Intelligence Division learned that

3  Mr. Marrero and his co-Defendant had outstanding arrest

4  warrants from State of Delaware, which were issued on

5  March 22nd, 2016.

6       The PRPD officers had information that they were

7  living in 102 Luis Munoz Rivera Street in Pueblo Ward Toa

8  Alta, Puerto Rico.

9       On August 10, 2016, the PRPD officers went to the

10  aforementioned location.  And upon entering, they encountered

11  Mr. Marrero and his co-Defendant, and they placed them under

12  arrest.

13       During the execution of the arrest warrants, the

14  agents observed several firearms in plain view.

15       The agents seized two firearms, which were

16  described as follows:  A Glock pistol, Model 27, .40 caliber,

17  serial number PTL803, loaded with nine rounds of ammunition;

18  in addition to a Smith & Wesson pistol, Model SW9VE, 9mm

19  caliber, serial number DVS4738, loaded with 16 rounds of

20  ammunition.  Hereinafter the firearms.

21       The Government would also prove and place live

22  testimony that the Defendant, Mr. Marrero, moved to

23  Puerto Rico shortly after March 22nd.  He moved on March 28th

24  of 2016.

25       For purposes of this change of plea, Mr. Marrero

1  acknowledges that he possessed the firearms, and at the time

2  of the arrest he was both a fugitive from justice and had

3  been previously to August 10th, 2010 -- had been previously

4  convicted of a crime punishable by a term of exceeding one

5  year.

6          A record verification revealed that the firearm had

7  traveled through interstate or foreign commerce.

8          At trial, the United States would have proven

9  beyond a reasonable doubt that the Defendant is guilty as

10  charged in both counts, One and Two, of the indictment.  This

11  would have been proven through physical and documentary

12  evidence, including but not limited to the testimony of PRPD,

13  ATF and Delaware law enforcement agents, photographs,

14  documents, and other physical evidence.

15          Discovery, as mentioned before, was timely made

16  available to the Defendant for further review.

17          THE COURT:  In addition to firearms, there was

18  ammunition involved also.

19          MR. PEREZ-BOURET:  That's correct, Your Honor.

20          THE COURT:  Mr. Marrero, do you agree with the

21  Government's version?

22          MR. GONZALEZ-BOTHWELL:  Your Honor, since this is a

23  straight plea, we are admitting to the elements of both

24  offenses; that, one, he was a prohibited person and, two, a

25  fugitive; and that he on that date possessed firearms, which

1    he was illegally --

2          THE COURT:  The firearms indicated in the

3    indictment.

4          MR. GONZALEZ-BOTHWELL:  That's correct.

5          THE COURT:  And the ammunition.

6          MR. GONZALEZ-BOTHWELL:  That's correct.

7          THE COURT:  So, Mr. Marrero, is that what you did?

8          DEFENDANT MARRERO-PEREZ:  Yes, Your Honor.

9          THE COURT:  Do you still want to plead guilty?

10          DEFENDANT MARRERO-PEREZ:  Yes, Your Honor.

11          THE COURT:  Mr. Marrero, how do you plead to the

12    charges before the Court?  Guilty or not guilty?

13          DEFENDANT MARRERO-PEREZ:  Guilty, Your Honor.

14          THE COURT:  It's the finding of the Court in the

15    case of the United States versus Josue Marrero-Perez that

16    Mr. Marrero is fully competent and capable of entering an

17    informed plea, that he is aware of the nature of the charges

18    and the consequences of the plea, and that his plea of guilty

19    is a knowing and voluntary one, supported by an independent

20    basis in fact containing each of the essential elements of

21    the offenses.

22          Mr. Marrero's plea is, therefore, accepted, and he

23    is now adjudged guilty of that offense.

24          The Court orders a pre-sentence investigation

25    report to be prepared by the probation officer to assist the

1    Court in sentencing.

2           Mr. Marrero, it's very important that you cooperate

3    with the probation officer in the preparation of this report.

4    Mr. Gonzalez may accompany you during and help you with your

5    participation with the probation officer assigned to your

6    case.

7           Do you understand that?

8           DEFENDANT MARRERO-PEREZ:  Yes, Your Honor.

9           THE COURT:  May I have a sentencing date, please.

10          THE CLERK:  February 28, 2017, at 9:00 a.m.

11          THE COURT:  Sentence on February 28, 2017, at

12   9 o'clock in the morning.

13          Anything else?

14          MR. PEREZ-BOURET:  Just very briefly.  For an

15   abundance of the record, one of the elements is also that the

16   firearms traveled through interstate commerce, and he also

17   accepts that.

18          MR. GONZALEZ-BOTHWELL:  Yes, we accept the

19   elements.

20          MR. PEREZ-BOURET:  Okay.

21          THE COURT:  Okay.  Fine.  Thank you.

22          MR. GONZALEZ-BOTHWELL:  Your Honor, one more thing

23   in this case.  Since he has outstanding Delaware matters, we

24   request that he be transferred to Delaware but not to

25   Atlanta.  We will be communicating with the AUSA in Delaware.

1    I sent them an email already.  It bounced back.  I will get

2    the right email address.  So that he be kept here until his

3    transfer to Delaware.

4              THE COURT:  Is he charged federally or state in

5    Delaware?

6              MR. GONZALEZ-BOTHWELL:  State.

7              MR. PEREZ-BOURET:  It's both, Your Honor.  There is

8    a state case, and there is also a federal investigation.  So

9    it would be --

10             THE COURT:  No.  Wait a minute.

11             MR. GONZALEZ-BOTHWELL:  May we approach,

12   Your Honor?

13             THE COURT:  My question is, the warrant for his

14   arrest is a state warrant.

15             MR. PEREZ-BOURET:  That's correct, Your Honor.

16             THE COURT:  Well, I don't know if the marshals have

17   anything in Delaware to transfer him to, but you can deal

18   that with the marshals.

19             MR. GONZALEZ-BOTHWELL:  Yes, Your Honor.  But we

20   just want to make sure that the Court instructs them not to

21   take him to Atlanta until we make the arrangements --

22             THE COURT:  Well, let me know about these

23   arrangements.

24             MR. GONZALEZ-BOTHWELL:  Yes, sir, we will.

25             THE COURT:  If they can be done.  I don't know.

1          MR. GONZALEZ-BOTHWELL:  I believe they will be

2     able.

3          THE COURT:  There is nothing in Delaware.

4          MR. GONZALEZ-BOTHWELL:  No.  There is no --

5          THE COURT:  No federal prison in Delaware.

6          MR. GONZALEZ-BOTHWELL:  No.  They have got

7     Fort Dix, the nearest one.  A couple hours away, Your Honor.

8          THE COURT:  Well, I don't know if Fort Dix will

9     accept someone who still has not been sentenced.  I don't

10    know.  But try to find out.

11         MR. PEREZ-BOURET:  We will manage, Judge.  Don't

12    worry.

13         THE COURT:  Thank you.  You are excused.

14

15         (PROCEEDINGS ADJOURNED AT 10:00 A.M.)

16

17

18

19

20

21

22

23

24

25

## REPORTER'S CERTIFICATE

I, JOE REYNOSA, Official Court Reporter for the United States District Court for the District of Puerto Rico, appointed pursuant to the provisions of Title 28, United States Code, Section 753, do hereby certify that the foregoing is a true and correct computer-aided transcript of proceedings had in the within-entitled and numbered cause on the date herein set forth; and I do further certify that the foregoing transcript has been prepared by me or under my direction.

S/Joe Reynosa

_____

**JOE REYNOSA, CSR, RPR**
United States Court Reporter
Federico Degetau Federal
Building, Room 150
150 Carlos Chardón Street
San Juan, Puerto Rico 00918-176
(787) 772-3000